OPINION OF THE COURT
Per Curiam.
Judgment entered May 5, 1993 affirmed, with $25 costs.
Plaintiff Joseph Daversa, then 28 years old, suffered a serious hand injury while working on an office renovation project when he slipped and fell on a piece of cable wire shown to have been discarded by employees of the electrical subcontractor at the site, defendant-appellant Granite Electrical Corp. (Granite), the only nonsettling defendant remaining in the negligence action. Giving due deference to the jury’s liability and apportionment findings (see, Nicastro v Park, 113 AD2d 129, 133-134), we agree with the trial court that the verdict in plaintiff’s favor should not be set aside as against *347 the weight of the evidence. The testimony showed that defendant Granite’s employees routinely dropped loose, unused scraps of cable wire to the worksite floor despite the admitted availability of several large trash bins in the immediate area of the accident, and in the face or prior warnings to stop the practice given by the general contractor supervising the renovation project. On this evidence, the jury reasonably could conclude that Granite’s employees were actively negligent in creating a hazardous condition, and that such negligence was one of several contributing causes to plaintiffs fall. That the general contractor may have assumed the responsibility of providing a worker to remove debris from the area as work progressed does not provide this defendant with a complete defense for its demonstrated conduct in creating a hazardous condition in the first instance.
The damages awarded to plaintiff did not, as argued, deviate materially from what would be reasonable compensation (CPLR 5501 [c]). The severity and permanency of the ligament damage to plaintiffs dominant left hand were established, inter alla, through the uncontroverted testimony of plaintiffs treating orthopedic physician. Notably, the defense failed to present any countervailing medical evidence at trial. In such circumstances, the $100,000 aggregate award for pain and suffering should not be reduced. Nor do we find excessive the awards for past lost earnings ($64,000) and future lost earnings ($615,000), based as they were upon competent, unrebutted evidence that plaintiffs employability as a union carpenter, with a demonstrated earning capacity prior to the accident of nearly $900 a week, was substantially reduced as a result of the hand injury sustained in the accident.
Nor is there merit to defendant’s argument that the trial court erred in failing to structure the award pursuant to CPLR article 50-B. The periodic payment provisions of the statute (CPLR 5041 [e]), by terms triggered when future damages exceeding $250,000 are awarded, do not come into play in this case since the lone nonsettling defendant’s equitable share of liability (30% of $792,000, or $237,600) does not reach that threshold figure (see, CPLR 5041 [a]; 5047).
We have considered defendant’s remaining points and find them lacking in substantial merit.
Miller, J. P., McCooe and Glen, JJ., concur.